UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No.  11-20315

v.                                              Hon. R. Steven Whalen
                                                   U.S. Magistrate Judge

KARL HERRINGTON,

       Defendant.
_____/

**ORDER REGARDING COMPETENCY**

On May 26, 2011, this Court ordered that Defendant Karl Herrington undergo an examination, pursuant to Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, to assess whether he is competent to stand trial. Dr. Charles R. Clark, Ph.D., a licensed psychologist, was appointed to conduct this evaluation, and filed his report on June 29, 2011. Dr. Clark opined that the Defendant was competent to stand trial under the relevant legal standards. A competency hearing was held in open court on July 13, 2011, at which the Defendant appeared along with appointed counsel.[1]

---

[1] I appointed counsel to represent Mr. Herrington only for purposes of the competency hearing, as required by 18 U.S.C. § 4247(d), which provides:

> "**(d) Hearing.**  At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing *shall be represented by counsel* and, if he is financially unable to obtain adequate representation, *counsel shall be appointed for him pursuant to section 3006A*." (Emphasis added).

However, following the Court's finding of competency on the record, the Defendant waived his right to counsel for purposes of any further proceedings. Prior to accepting the Defendant's waiver, the Court undertook the colloquy set forth in *United States v. McDowell*, 814 F.2d 245 (1987) and the *Bench Book for United States District Judges*. The Court nevertheless appointed the Federal Defender Office as stand-by counsel.

Having reviewed Dr. Clark's report and having conducted the hearing as required by 18 U.S.C. §§ 4241(a) and (c) and § 4247(d), and for the reasons stated on the record on July 13, 2011, I find that the Defendant is competent to stand trial, that is, he is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to 18 U.S.C. § 4241(f), this Court's finding of competency shall not prejudice the defendant in raising this issue of his insanity as a defense, and shall not be admissible as evidence in a trial for the offenses charged.

IT IS SO ORDERED.

>s/R. Steven Whalen
>R. STEVEN WHALEN
>UNITED STATES MAGISTRATE JUDGE

Date: July 15, 2011